**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Belialyanwa I. Williams,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:16cv1330 (AJT/MSN)** |
| | ) | |
| **Ms. Meirs, et al.,** | ) | |
| **Defendants.** | ) | |

MEMORANDUM OPINION

Belialyanwa I. Williams, a Virginia inmate proceeding pro se, has filed a civil rights action

pursuant to 42 U.S.C. §1983, alleging claims arising out of an accident that befell him at

Lunenburg Correctional Center ("LCC") and seeking monetary damages. Plaintiff has applied to

proceed in forma pauperis in the lawsuit. Following review of the initial complaint, an Order was

entered directing plaintiff to file an amended complaint using a standardized §1983 complaint

form. Plaintiff has complied with those instructions. After careful review of the amended

complaint, the claims must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for

failure to state a claim for which relief can be granted.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

# I.

Plaintiff alleges in the amended complaint that on or about December 7, 2013, while working in the kitchen at LCC, he slipped on "a substance which could have been either water or grease" and fell onto a metal drain in the floor. Plaintiff asserts that his accident was caused by "careless instructions" from Ms. Meirs of the LCC food staff, who failed to barricade the area after floor mats were taken up or to "display wet floor caution signs to give notice of an unsafe and dangerous area." Am. Compl. § IV at ¶1. Plaintiff argues that Ms. Meirs was "extremely negligent" and caused him to suffer "extensive trauma, injuries, and debilitating, constant and relentless pain to his neck, shoulders and back." Id.

On or about March 3, 2014, Mrs. J. Wright terminated plaintiff's kitchen employment because he was disabled from the accident caused by Ms. Meirs. Plaintiff alleges that his termination constituted cruel and unusual punishment. Id. at ¶ 2.

Plaintiff further asserts that W. Garrett, an institutional safety specialist, and Charlene Davis, the Regional Administrator Health Services Director, abused their positions by denying plaintiff a full and fair investigation into the "kitchen accident," and chose instead "to side with the prison employee and use frivolous reasons to do so" when it was clear from plaintiff's medical treatment that he suffered an injury as a result of the kitchen mats not being in place. Id. at ¶ 3.

Plaintiff states that he was "disabled" for several months after he accident but was denied the use of a wheelchair and was forced to use crutches instead. He also argues that he was wrongfully charged co-pays for his medications and visits with the prison doctor, and he asserts that LCC's warden, Layton T. Lester, was "grossly negligent in supervising subordinates" who committed these foregoing wrongful acts. Id. at ¶ 4.

The named defendants are Ms. Meirs (who is now deceased), W. Garrett, Charlene Davis, Warden Lester, and J. Wright.   As relief, plaintiff seeks a jury trial and monetary damages in the amount of $3,000,000.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).  Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998).  Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  To  survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570  (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## III.

A. Plaintiff's Claims are Time-Barred

Plaintiff's allegations against the defendants state no claim for which relief can be granted, for two reasons. First, plaintiff's claims against the defendants are time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). While the limitations period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). A cause of action accrues under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)).

Here, plaintiff alleges that he fell in the LCC kitchen on December 7, 2013. Am. Compl., §IV at ¶1. Exhibits attached to the amended complaint demonstrate that plaintiff was placed in the medical unit by December 8, 2013, and by December 19, 2013 he was on crutches as the result of the back injury he suffered in the kitchen accident. Am. Compl. Ex. A-B. Plaintiff was

terminated from his prison employment on March 3, 2014. Am. Compl., §IV at ¶ 2. Thus, by

those dates plaintiff admittedly was aware of the harm the defendants allegedly had caused him,

but the complaint in this action was filed at the earliest on until October 6, 2016,[2] well over two

years later. Accordingly, plaintiff's claims against the defendants were filed outside the applicable

limitations period, and is subject to dismissal on that basis pursuant to § 1915A for failure to state

a claim.

B. Plaintiff's Claims State No Substantive Basis for § 1983 Relief

Second, even if plaintiff's claims had been filed in a timely manner, in substance they state

no basis for which § 1983 relief is available. To state a cause of action under § 1983, a plaintiff

must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of

the United States and that this deprivation resulted from conduct committed by a person acting

under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Plaintiff's allegations that he

fell as the result of a wet floor in the kitchen at LCC states no claim remediable under § 1983

because he does not allege, nor does anything in the complaint suggest, that he thereby was

deprived of rights guaranteed by the Constitution or the laws of the United States. To state a

*prima facie* Eighth Amendment claim for unlawful conditions of confinement, a plaintiff must

allege facts sufficient to show: 1) a serious deprivation of a basic human need and 2) that jail

officials were deliberately indifferent to that need. Wilson v. Seiter, 501 U.S. 294, 300 (1991);

---

[2]A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). The complaint in this case was executed on October 6, 2016, Dkt. No. 1 at 8, and in the absence of evidence to the contrary the Court assumes that it was placed in the prison mailing system that same day. The Clerk received the complaint on October 14, 2016. Id. at 1.

Shakka v. Smith, 71 F.3d 162, 165 (4th Cir. 1995). Only extreme deprivations will make out an

Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk

from the conditions of his confinement was so grave that it violated contemporary notions of

decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian,

503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). To meet the

second prong, plaintiff must allege facts sufficient to show that defendants were deliberately

indifferent, that is, that they knew of facts from which an inference could be drawn that a

"substantial risk of serious harm," was posed to his health and safety, that they drew that

inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

Plaintiff fails to meet this burden. At worst, plaintiff's allegations regarding his accident

present a run-of-the-mill slip and fall negligence claim, and it is well established that mere

negligence does not state a state a claim under§ 1983. See Daniels v. Williams, 474 U.S. 327,

328, 330 (1986) (concluding that the Due Process Clause is not implicated by a negligent act

causing loss of or injury to life, liberty, or property); Odom v. Soles, No. Civ. A. 00-000841, 2001

WL 34829064, at * 2 (E.D.Va. Apr. 3, 2001) ("It is well settled that mere negligence does not

state a viable Eighth Amendment claim."); Mitchell v. West Virginia, 554 F.Supp. 1215, 1217

(N.D.W.Va. 1983) (holding that plaintiff's "slip and fall" claim did not amount to cruel and

unusual punishment and finding no deprivation of due process).

Plaintiff also fails to state a claim against defendant J. Wright for the termination of his

prison employment. It is well established that prisoners have no constitutional right to job

opportunities while incarcerated. Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980); Awalt v.

Whalen, 809 F. Supp. 414, 416-17 (E.D. Va. 1992) (prisoners do not have a constitutionally-

protected right to work while incarcerated, or to remain in a particular job once assigned). A prisoner has no constitutionally-protected liberty interest in any particular job assignment or work detail. Johnson v. Knable, 862 F.2d 314, 1988 WL 119136, **1 (4th Cir. 1988) (table) ("[P]rison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate."); Olim, 461 U.S. at 250. "[T]he classifications and work assignments of prisoners ... are matters of prison administration, within the discretion of the prison administrators...." Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978); accord, Mitchell v. Murray, 856 F. Supp. 289, 293 (E.D. Va. 1994). Accordingly, plaintiff's allegations that he was terminated from his prison employment because he was "disabled and unable to work" state no claim for which § 1983 relief is available.

Plaintiff's allegations that defendants Charlene Davis and W. Garrett "side[d] with the prison employee and denied plaintiff's administrative claim regarding the kitchen incident can form no basis for § 1983 relief. It is well established that inmates do not have a constitutionally protected right to a grievance procedure and no liability exists under § 1983 for a prison administrator's response to a grievance or appeal. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Brown v. Va. Dep't Corr., No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009).

Plaintiff's allegations that he was charged co-pays for the injuries he received as the result of his fall likewise state no claim for § 1983 relief. The requirement of a co-payment for prison medical services is not per se deliberate indifference to a serious medical need. See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997). Inmates are not entitled to free medical care, and an

7

inmate's displeasure at having to pay such co-payment does not present a constitutional claim. Johnson v. Dep't of Pub. Safety & Correctional Servs., 885 F. Supp. 817, 820 (D. Md. 1995). Only when medical care is denied to an inmate because of inability to make a co-payment are deliberate indifference concerns under the Eighth Amendment implicated, Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir. 1992), and plaintiff makes no such allegations here.

Lastly, plaintiff's claim that Warden Lester was "grossly negligent" in supervising his subordinates states no claim which is remediable under § 1983. Supervisory officials may be held liable in § 1983 only in certain circumstances for injuries inflicted by their subordinates. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted). Here, since plaintiff has offered no facts to demonstrate that any of Warden Lester's subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to plaintiff, Warden Lester can have no liability under § 1983 for his supervision of those subordinates.

## IV. Conclusion

For the foregoing reasons, plaintiff's claims against all defendants must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order and judgment shall issue.

Entered this _____ day of _____ 2017.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge